UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SWARTZ,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVE'S KILLED BREAD, INC. AND FLOWERS FOODS, INC.<br><br>    Defendant. | Case No.  4:21-cv-10053-YGR<br><br>ORDER TO SHOW CAUSE RE: CAFA JURISDICTION<br><br>Dkt. No. 1 |

TO PLAINTIFF DAVID SWARTZ AND HIS COUNSEL OF RECORD:

YOU ARE HEREBY ORDERED TO SHOW CAUSE IN WRITING no later than May 17, 2022, why plaintiff's claims should not be dismissed for failing to establish that jurisdiction is proper pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).

Pursuant to CAFA, this Court has original jurisdiction over class actions in which there are at least 100 class members, at least one of which is diverse in citizenship from any defendant, and for which the aggregate amount in controversy exceeds the sum of $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  The party asserting that jurisdiction is proper bears the burden of establishing federal jurisdiction.  *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

One may demonstrate minimal diversity by showing that "any class member is a citizen of a state different from any defendant." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007); *see also* 28 U.S.C. § 1332(d)(2)(A).  While CAFA does not require "complete diversity," *see Serrano*, 478 F.3d at 1021, this does not discharge one's burden to "allege affirmatively the citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A "natural person's state citizenship is . . . determined by [his or] her state of domicile, not [his or] her state of residence."  *Id.*; *see also Mondragon v. Capital One Auto Finance*, 736 F.3d

880, 884 (9th Cir. 2013) (noting that just because a person "may have a residential address in California does not mean that person is a citizen of California"). Accordingly, allegations of a person's state of residence, alone, are insufficient to establish his or her citizenship. *See, e.g., Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 774 (9th Cir. 1995) (concluding that a plaintiff's allegation that he was a "resident of Oregon" was insufficient to establish diversity jurisdiction); *Woodruff v. Premium Cap. Funding, LLC*, No. C 09-3300 VRW, 2009 WL 10694370, at *3 (N.D. Cal. Oct. 21, 2009) ("A statement indicating a party's 'residency' does not sufficiently allege her citizenship.'").

Plaintiff's Complaint (Dkt. No 1), alleges that minimal diversity exists because plaintiff is "an individual and a resident of Oakland, California," and defendants are Oregon and Georgia corporations. (Id. at ¶¶ 9-11.) Absent more, plaintiff's current assertion of his state of residence is insufficient to establish his citizenship. *See Cantlen*, 57 F.3d at 774; *Woodruff*, 2009 WL 10694370, at *3. Because plaintiff's current allegations are inadequate, the Court cannot determine whether there is minimal diversity and, subsequently, whether CAFA jurisdiction exists. On this basis, plaintiff has not sufficiently alleged that the diversity requirement is satisfied.

Accordingly, plaintiff is **HEREBY ORDERED TO SHOW CAUSE** in writing **no later than May 17, 2022**, why jurisdiction is proper and that the amount in controversy requirement is satisfied. The response shall not exceed more than six (6) pages. Failure to file a timely response will result in the case being dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: May 9, 2022

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE