**GUTRIDE SAFIER LLP**
SETH A. SAFIER (State Bar No. 197427)
 seth@gutridesafier.com
MARIE A. MCCRARY (State Bar No. 262670)
 marie@gutridesafier.com
HAYLEY REYNOLDS (State Bar No. 306427)
 hayley@gutridesafier.com
KALI R. BACKER (State Bar No. 342492)
 kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

MATTHEW T. MCCRARY (*pro hac vice*)
 matt@gutridesafier.com
4450 Arapahoe Ave., Suite 100
Boulder, Colorado 80303
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

PATRICK J. BRANSON (*pro hac vice*)
 patrick@gutridsafier.com
305 Broadway, 7th Floor
New York, NY 10007
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SWARTZ, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DAVE'S KILLER BREAD, INC. and FLOWERS FOODS, INC.,<br><br>Defendants. | CASE NO. 4:21-cv-10053-YGR<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR APPROVAL OF PROPOSED CLASS NOTICE AND PLAN OF NOTICE; MEMORANDUM OF POINGS AND AUTHROITIES IN SUPPORT THEREOF**<br><br>DATE:  March 11, 2024<br>TIME: 2:00 p.m.<br>CTRM: 1, 4th Floor<br><br>Hon. Yvonne Gonzalez Rogers |

**NOTICE OF MOTION AND MOTION**

On March 11, 2025, at 2:00 p.m., in Courtroom number 1, on the 4th floor of the United States District Court for the Northern District of California (Oakland Division), Plaintiff David Swartz will, and hereby does, move for the following:

1. Approval of the proposed Notice of Pendency of Class Action, attached to the Declaration of Seth A. Safier in Support of Motion for Approval of Class Notice ("Safier Decl.") as Exhibit A;
2. Approval of Plaintiff's proposed plan of notice; and
3. Dissemination of the Notice of Pendency of Class Action no later than thirty (30) days following the Court's approval of the Notice and Notice Plan.

This motion is based on the following memorandum of points and authorities, the complete records and files in this action, and all matters of which the Court may take notice.

## I. INTRODUCTION

On September 20, 2024, this Court certified the following class:

> All persons in the State of California who purchased the Products between December 29, 2017 and September 5, 2023.

ECF 139 at 18. The Products are defined as those Products that "made a front label protein claim and fail to include the statement of the corrected amount of protein per serving expressed as the percent of daily value in the Nutrition Facts Panel during the class period." *Id*. at 5, n. 5. These Products are identified in Exhibit A to the Court's September 20, 2024 Order. *Id*., Ex. A. The Court appointed David Swartz as class representative. *Id*. at 5.

The parties have met and conferred and agree on the Notice Plan attached as Exhibit A to the declaration of Seth Safier filed herewith. Defendants will either oppose or file a statement of non-opposition by the deadline under the Local Rules.

## II. LEGAL STANDARD

Rule 23(c)(2) provides that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2). The rule continues:

> The notice must clearly and concisely state in plain, easily understood language:
>
> (i)   the nature of the action;
>
> (ii)  the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv)  that a class member may enter an appearance through an attorney if the member so desires;
>
> (v)   that the court will exclude from the class any member who requests exclusion;
>
> (vi)  the time and manner for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.*

The Federal Judicial Center has issued guidelines recommending that notice reach at least 70% of class members. *See* Notice Checklist and Plain Language Guide (2010) ("Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide"), at 1.

## III.    PROPOSED FORMS AND METHODS OF CLASS NOTICE

### A.  Notice Administrator and Summary of Plan

Counsel has solicited a proposal from the well-known class action administration firm Verita Group, LLC ("Verita" or "Administrator"). Verita has designed a plan that will reach at least 70% of class members, at a frequency of 3.3 times each. *See* Declaration of Carla A. Peak, filed herewith, ¶ 23.

The notice plan will include construction of a notice website where class members can obtain information about the case and fill out a simple form to exclude themselves from the class. The settlement website will include the detailed notice substantially in the form of Exhibit A, which covers all issues set forth in Rule 23(c)(2). The website will include important court documents, dates, FAQs, forms, and other pertinent case information. Class members will have the ability to view and print the Notice and other important documents.

In addition, the notice administrator will (1) publish notice in the form of online banner advertisements and use social media advertisements on Facebook and Instagram that directs class members to the notice website, and (2) publish notice in print in the East Bay Times. This plan for notice is typical in consumer class actions uses standard best practices. Peak Decl. ¶¶ 14–19. It is described in more detail below and in the attached declaration of Carla A. Peak.

### i.    Online Notice.

The notice administrator will publish online notice in the form of Exhibit B, in at least 7,550,000 digital impressions over thirty days on a variety of websites through the one or more ad exchanges and over various websites and the social media platforms Facebook and Instagram. All digital media notices will include an embedded link to the case-specific website.

### ii. Print Notice.

Verita will cause a summary notice in the form of Exhibit A to be published once a week for four consecutive weeks in the *East Bay Times*. The *East Bay Times* is the largest daily newspaper covering Contra Costa and Almeda counties. Peak Decl. ¶ 19.

### B. Proposed Opt-Out Deadline

Verita estimates that it will be able to begin executing the notice plan within 21 days of receiving approval for the plan. Accordingly, Plaintiff proposes that the Court set a "Notice Date," or date on which the website will be live, 25 days from the order approving the Notice Plan. Plaintiff proposes allowing Class Members 35 days from the initial Notice Date to opt out of the class. Accordingly, the parties estimate that the opt-out deadline will be at least 60 days after the Court's approval of the Notice Plan. The proposed content of an online version of the opt-out form and a printable version for the opt-out form are submitted with this motion. Safier Decl., Exs. D & E.

### C. Costs.

Class counsel will bear the costs of notice as a litigation expense. In the event of a settlement or judgment in favor of Plaintiff or the class, class counsel will seek reimbursement of these costs.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court approve the proposed Notice Plan.

Dated: February 3, 2025

**GUTRIDE SAFIER LLP**
/s/Patrick J. Branson/s/
Seth A. Safier, Esq.
Marie McCrary, Esq.
Hayley Reynolds, Esq.
100 Pine Street, Suite 1250
San Francisco, CA 94111

Patrick J. Branson (*pro hac vice*)
305 Broadway, 7th Floor
New York, NY 10007
Telephone: (415) 639-9090
Facsimile: (415) 449-6469