MICHAEL L. RESCH (SBN 202909)
mresch@kslaw.com
LIVIA M. KISER (SBN 285411)
lkiser@kslaw.com
SAMUEL R. DIAMANT (SBN 288738)
sdiamant@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, California 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

QUYEN L. TA (SBN 229956)
quyen.ta@skadden.com
SKADDEN, ARPS, SLATE, MEAGHERS
& FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 798-6523

*Attorneys for Defendants*
Dave's Killer Bread, Inc.
and Flowers Food, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID SWARTZ,<br><br>                Plaintiff,<br><br>       v.<br><br>DAVE'S KILLER BREAD, INC. AND FLOWERS FOODS, INC.,<br><br>                Defendants. | Case No. 4:21-cv-10053-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS DAVE'S KILLER BREAD, INC. AND FLOWERS FOODS, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: December 9, 2025<br>Time: 2:00 p.m.<br>Location: Courtroom 1 – 4th Floor |

Defendants Flowers Food, Inc. and Dave's Killer Bread, Inc. (collectively, "Flowers") submit this separate statement of undisputed materials facts, together with references to supporting evidence, in support of their motion for summary judgment against Plaintiff David Swartz ("Swartz").

| Issue | Flowers' Undisputed Material Facts and Supporting Evidence | Swartz's Response and Supporting Evidence |
|---|---|---|
| Issue 1: Plaintiff did not rely on the alleged omission of the percent daily value (%DV). | 1. Swartz does not recall whether Dave's Killer Bread had a %DV for protein in the nutrition facts panel the first time he purchased it.<br><br>Declaration of Michael L. Resch ("Resch Decl.") ¶ 2 Ex. A at 147:4–9; *id.* at 167:17-22. | |
| Issue 1 | 2. Swartz does not recall whether Dave's Killer Bread had a %DV for protein when he looked at the nutrition facts panel.<br><br>Resch Decl. ¶ 2 Ex. A at 147:4–9. | |
| Issue 1 | 3. Swartz does not know what the Food and Drug Administration ("FDA") daily value for protein is or what it is based on.<br><br>Resch Decl. ¶ 2 Ex. A at 105:13-24. | |
| Issue 1 | 4. Swartz does not know how the %DV is calculated, and he has never attempted to calculate it.<br><br>Resch Decl. ¶ 2 Ex. A at 173:15–18; *id.* 174:17–21. | |
| Issue 1 | 5. Swartz does not know how much protein inside any particular product is usable.<br><br>Resch Decl. ¶ 2 Ex. A at 203:22–24. | |
| Issue 1 | 6. Swartz does not recall whether the %DV on the Nutrition Facts Panel ("NFP") reflects anything regarding the usability of protein in the product.<br><br>Resch Decl. ¶ Ex. # at 203:25–204:5. | |

1

| | | |
|---|---|---|
| Issue 1 | 7. At the time Swartz purchased the Dave's Killer Bread products, he did not know whether the %DV had any relationship with the usability of the protein in the product.<br><br>Resch Decl. ¶ 2 Ex. A 204:14–205:1. | |
| Issue 1 | 8. On January 7, 2022, 10 days after the original complaint in this action was filed, Swartz purchased the same bread he had purchased earlier and is at issue in this case.<br><br>Resch Decl. ¶ 2 Ex. B 64:8–66:15; Resch Decl. ¶ 3 Ex. B | |
| Issue 2: There is no evidence that Swartz—or any consumer—lost money as a result of the allegedly unlawful practice. | 9. Participants in Swartz's expert Colin Weir's conjoint surveys were not shown product packages but instead "product profiles" in a text-based format with bulleted statements below a brand logo.<br><br>Resch Decl. ¶ 4 Ex. C at 93:5–16. | |
| Issue 2 | 10. Weir testified that his conjoint surveys do not directly indicate the placement or prominence of the "label statements" shown to participants.<br><br>Resch Decl. ¶ 4 Ex. C at 96:7–20; 124:17–22; 126:25–127:2. | |
| Issue 2 | 11. Weir's conjoint surveys showed participants label statements that appear on the front, side, and back labels, and in the NFP, of Dave's Killer Bread products, including statements that never appear on the front label.<br><br>Resch Decl. ¶¶ 7–10 & Exs. F–I. | |
| Issue 2 | 12. Weir's conjoint surveys do not measure the price premium associated with the omission of the %DV.<br><br>Resch Decl. ¶ 4 Ex. C at 70:7–11; 77:2–21; 86:7-12. | |

2

| | | |
|---|---|---|
| Issue 2 | 13. Adding the %DV for protein to the NFP does not decrease consumers' likelihood of purchasing the at-issue Dave's sliced bread.<br><br>Resch Decl. ¶ 11 Ex. J at ¶¶ 143–147. | |
| Issue 2 | 14. The absence of a %DV for protein on the NFP did not cause class members to purchase, or pay any alleged price premium for, those products.<br><br>Resch Decl. ¶ 11 Ex. J at ¶¶ 143–147. | |
| Issue 3: Flowers did not act with the knowledge or intent required for Swartz's common law fraud claim or False Advertising Law claim. | 15. Between 2017 and 2020, Flowers employees discussed at length whether stating the numerical value of protein on the package would constitute a "claim" under federal regulations.<br><br>Resch Decl. ¶ 12 Ex. K at 203:12–204:15, 204:25–205:17; Resch Decl. ¶ 13 Ex. L; Resch Decl. ¶ 15 Ex. N; Resch Decl. ¶ 16 Ex. O. | |
| Issue 3 | 16. Multiple Flowers employees responsible for labeling and regulatory compliance believed, based on their understanding of FDA regulations, that stating only the quantitative value of protein on the package would not constitute a "claim" that would trigger the requirement to include the %DV for protein in the NFP.<br><br>Resch Decl. ¶ 12 Ex. K at 138:20-25, 141:1–6, 146:19–6, 149:12–19, 203:12–204:15; Resch Decl. ¶ 13 Ex. L; Resch Decl. ¶ 15 Ex. P; Resch Decl. ¶ 16 Ex. O. | |

I attest that the evidence cited herein fairly and accurately supports the facts as asserted.

Dated: July 29, 2025

KING & SPALDING LLP

By: /s/ *Livia M. Kiser*
   Livia M. Kiser
   Michael L. Resch
   Samuel R. Diamant

   *Attorneys for Defendants*
   Dave's Killer Bread, Inc.
   and Flower's Foods, Inc.