# EXHIBIT D

CONFIDENTIAL

```
 1              UNITED STATES DISTRICT COURT
 2            NORTHERN DISTRICT OF CALIFORNIA
 3                    OAKLAND DIVISION
 4
          ------------------------------
 5       DAVID SWARTZ,                        )
 6                 Plaintiff                  )
 7       vs.                                  ) Case No.
 8       DAVE'S KILLER BREAD, INC.,           ) 4:21-CV-10053-YGR
 9       and FLOWERS FOODS, INC.,             )
10                 Defendants                 )
11        ------------------------------
12                       CONFIDENTIAL
13
14         VIDEOTAPED DEPOSITION OF COLIN B. WEIR
15                  MONDAY, MARCH 24, 2025
16                   9:34 A.M. - 3:52 P.M.
17                        VERITEXT
18                    100 ARCH STREET
19                 BOSTON, MASSACHUSETTS
20
21       REPORTED BY:
22       Sandra A. Deschaine, CSR, RPR, CLR, RSA
23       Job No. SF 7217175
24
25       PAGES 1 - 259

                                              Page 1
```

```
 1      on page 12 of Exhibit 10.
 2              Are you there?
 3         A.   Yes.
 4              MR. RESCH:  And we've been going
 5      for about an hour, so we'll take a break      10:38 AM
 6      in just a couple minutes.
 7              Is that okay, Sandy?
 8      BY MR. RESCH:
 9         Q.   All right.  It looks like there is
10      overlap between the attributes that are       10:38 AM
11      identified in paragraph 48 but it's not
12      exactly the same as what's in paragraph 43;
13      is that correct?
14         A.   Yes.  Given the thin-sliced bread,
15      there was an additional category of           10:38 AM
16      information that consumers noted, namely the
17      calories; but I think otherwise the bread
18      attributes that they considered were
19      relatively consistent.  In fact, I think
20      calories is the only difference in the lists  10:38 AM
21      there.
22         Q.   And was calories only identified
23      in respect to the surveys relating to
24      thin-sliced bread?
25              For the record, you're looking at     10:39 AM
```

Page 65

1   paragraph 65; is that right, Mr. Weir?
2       A.   Yes, just to refresh my
3   recollection.
4            Yes, I believe the concept of the
5   calories only came up with respect to the          10:39 AM
6   thin-sliced bread.
7       Q.   Did you conduct separate
8   interviews relating to the thin-sliced bread,
9   the bagels and the buns, or were there
10  interviews that you conducted of the same          10:39 AM
11  respondent as to more than one of those
12  categories?
13      A.   It was a combination of both.
14      Q.   So in other words, certain of the
15  interviews were just one of the categories,        10:39 AM
16  and certain of the interviews would have been
17  with respondents across two or three of the
18  categories?
19      A.   Yes.  I'm positive that there were
20  interviews that related to at least two            10:39 AM
21  products.  I can't recall specifically
22  whether there was somebody that had purchased
23  from all three categories.  But, yes, there
24  were some interviews that covered two
25  categories.                                        10:40 AM

Page 66

```
 1              REPORTER'S CERTIFICATE
 2
 3         I, Sandra A. Deschaine, Registered
 4    Professional Reporter and Notary Public
 5    within and for the Commonwealth of
      Massachusetts at large, do hereby certify
 6    that the videotaped deposition of Colin B.
      Weir, in the matter of DAVID SWARTZ VS.
 7    DAVE'S KILLER BREAD, INC., AND FLOWERS FOODS,
      INC., at the offices Veritext, 101 Arch
 8    Street, Boston, Massachusetts, on March 24,
      2025, taken and transcribed by me; that the
 9    witness provided satisfactory evidence of
      identification as prescribed by Executive
10    Order 455 (03-13) issued by the Governor of
      the Commonwealth of Massachusetts; that the
11    transcript produced by me is a true record of
      the proceedings to the best of my ability;
12    that the witness is reading and signing; that
      I am neither counsel for, related to, nor
13    employed by any of the parties to the action
      in which this deposition was taken, and
14    further that I am not a relative or employee
15    of any attorney or counsel employed by the
      parties thereto, nor financially or otherwise
16    interested in the outcome of the action, on
17    this 26th of March 2025.
18
19
20               [signature: Sandra C. Deschaine]
21         Sandra A. Deschaine
22         Registered Professional Reporter
23
24    My Commission Expires:
25    July 3, 2031
```