MICHAEL L. RESCH (SBN 202909)
mresch@kslaw.com
LIVIA M. KISER (SBN 285411)
lkiser@kslaw.com
SAMUEL R. DIAMANT (SBN 288738)
sdiamant@kslaw.com
KELLY L. PERIGOE (SBN 268872)
kperigoe@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, California 94111
Telephone: (415) 318-1200

REBECCA L. PARADIS (admitted *pro hac vice*)
rparadis@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006
Telephone: (202) 737-0500

QUYEN L. TA (SBN 229956)
quyen.ta@skadden.com
SKADDEN, ARPS, SLATE, MEAGHERS & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500

*Attorneys for Defendants Dave's Killer Bread, Inc. and Flowers Foods Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID SWARTZ, | CASE NO. 4:21-cv-10053-YGR |
| Plaintiff, | Honorable Yvonne Gonzalez Rogers |
| v. | **DEFENDANTS DAVE'S KILLER BREAD, INC. AND FLOWERS FOODS, INC.'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT** |
| DAVE'S KILLER BREAD, INC. AND FLOWERS FOODS, INC., | |
| Defendants. | |

1  Defendants Flowers Foods, Inc. and Dave's Killer Bread, Inc. (collectively, "Flowers") responds to Plaintiff's Separate Statement (Dkt. 182-7) in the tables below while also noting that Plaintiff's Separate Statement violates this Court's Standing Order. *See* Judge Yvonne Gonzalez Rogers Standing Order in Civil Cases § 9(c) ("Standing Order"); *see also* Apr. 24, 2025 Order Pre-Filing Conference Order (Dkt. 158) at 2 (reminding the parties of these requirements).

Specifically, Plaintiff's Separate Statement fails to follow the required format and fails to identify or number his asserted facts. *See id*. Plaintiff's use of additional columns and headings not set forth in the Court's straightforward and required three-column format under Standing Order Section 9(c) (*i.e.*, (1) Issue No., (2) Moving Party's Undisputed Material Facts and Supporting Evidence, and (3) Opposing Party's Response and Supporting Evidence) renders the chart below confusing and difficult to respond to. In addition, Plaintiff's Separate Statement was not signed by Plaintiff's counsel with the required attestation of lead counsel. *See id*. § 9(c)(4).

Flowers disputes that the protein content statement constitutes a "Protein Label Claim" to the extent that Plaintiff is stating that is a fact, but it is unclear whether Plaintiff is asserting that as a fact due to his failure to follow the required format.

///

///

///

| | **Plaintiff's Undisputed Material Facts and Supporting Evidence** | | | **DKB's Response and Supporting Evidence** |
|---|---|---|---|---|
| | **Issue No. 1: Defendants' Labels Violated FDA Regulations** | | | |
| | **Product** | **Protein Label Claim** | **Evidence of front label claim and that Label did not include PDCAAS-derived %DV for protein in NFP during class period** | |
| | **Killer Breads** | | | |
| | 21 Whole Grains and Seeds | 5g protein | ECF 73-8 (Backer Dec., Ex. 23) (product label); ECF 73-2 (Backer Dec., Ex. 1) (30(b)(6) deposition excerpts) at 95:21-97:3 (NFP did not include PDCAAS-derived %DV for protein) | Undisputed that during the class period a protein content statement appeared on the front label and the NFP of the product and that the NFP did not include PDCAAS-derived %DV, but disputed that the front label protein content statement constitutes a "Protein Label Claim" or that it requires the inclusion of a %DV in the NFP. |
| | Good Seed | 5g protein | ECF 73-8 (Backer Dec., Exs. 25, 26) (product labels) ECF 73-2 (Backer Dec., Ex. 1) (30(b)(6) deposition excerpts) at 95:21-97:3 (NFP did not include PDCAAS-derived %DV for protein) | Undisputed that during the class period a protein content statement appeared on the front label and the NFP of the product and that the NFP did not include PDCAAS-derived %DV, but disputed that the front label protein content statement constitutes a "Protein Label Claim" or that it requires the inclusion of a %DV in the NFP. |

|  | **Plaintiff's Undisputed Material Facts and Supporting Evidence** | | **DKB's Response and Supporting Evidence** |
|---|---|---|---|
| **Issue No. 1: Defendants' Labels Violated FDA Regulations** ||||
| **Product** | **Protein Label Claim** | **Evidence of front label claim and that Label did not include PDCAAS-derived %DV for protein in NFP during class period** | |
| Powerseed | 5g protein | ECF 73-8 (Backer Dec., Exs. 27, 28) (product labels) ECF 73-2 (Backer Dec., Ex. 1) (30(b)(6) deposition excerpts) at 95:21-97:3 (NFP did not include PDCAAS-derived %DV for protein) | Undisputed that during the class period a protein content statement appeared on the front label and the NFP of the product and that the NFP did not include PDCAAS-derived %DV, but disputed that the front label protein content statement constitutes a "Protein Label Claim" or that it requires the inclusion of a %DV in the NFP. |
| 100% Whole Wheat | 4g protein | ECF 73-8 (Backer Dec., Exs. 29, 30) (product labels) ECF 73-2 (Backer Dec., Ex. 1) (30(b)(6) deposition excerpts) at 95:21-97:3 (NFP did not include PDCAAS-derived %DV for protein) | Undisputed that during the class period a protein content statement appeared on the front label and the NFP of the product and that the NFP did not include PDCAAS-derived %DV, but disputed that the front label protein content statement constitutes a "Protein Label Claim" or that it requires the inclusion of a %DV in the NFP. |

|  | **Plaintiff's Undisputed Material Facts and Supporting Evidence** | | **DKB's Response and Supporting Evidence** |
|---|---|---|---|
| **Issue No. 1: Defendants' Labels Violated FDA Regulations** | | | |
| **Product** | **Protein Label Claim** | **Evidence of front label claim and that Label did not include PDCAAS-derived %DV for protein in NFP during class period** | |
| Righteous Rye | 5g protein | ECF 73-8 (Backer Dec., Exs. 31, 32) (product labels)<br><br>ECF 73-2 (Backer Dec., Ex. 1) (30(b)(6) deposition excerpts) at 95:21-97:3 (NFP did not include PDCAAS-derived %DV for protein) | Undisputed that during the class period a protein content statement appeared on the front label and the NFP of the product and that the NFP did not include PDCAAS-derived %DV, but disputed that the front label protein content statement constitutes a "Protein Label Claim" or that it requires the inclusion of a %DV in the NFP. |
| **Thin Sliced Bread** | | | |
| 21 Whole Grains and Seeds Thin-Sliced | 3g protein | ECF 73-8 (Backer Dec., Ex. 33) (product label)<br><br>ECF 73-2 (Backer Dec., Ex. 1) (30(b)(6) deposition excerpts) at 95:21-97:3 (NFP did not include PDCAAS-derived %DV for protein) | Undisputed that during the class period a protein content statement appeared on the front label and the NFP of the product and that the NFP did not include PDCAAS-derived %DV, but disputed that the front label protein content statement constitutes a "Protein Label Claim" or that it requires the inclusion of a %DV in the NFP. |

|  | **Plaintiff's Undisputed Material Facts and Supporting Evidence** | | **DKB's Response and Supporting Evidence** |
|---|---|---|---|
| **Issue No. 1: Defendants' Labels Violated FDA Regulations** | | | |
| **Product** | **Protein Label Claim** | **Evidence of front label claim and that Label did not include PDCAAS-derived %DV for protein in NFP during class period** |  |
| Good Seed Thin-Sliced | 3g protein | ECF 73-8 (Backer Dec., Exs. 34, 35) (product labels)<br><br>ECF 73-2 (Backer Dec., Ex. 1) (30(b)(6) deposition excerpts) at 95:21-97:3 (NFP did not include PDCAAS-derived %DV for protein) | Undisputed that during the class period a protein content statement appeared on the front label and the NFP of the product and that the NFP did not include PDCAAS-derived %DV, but disputed that the front label protein content statement constitutes a "Protein Label Claim" or that it requires the inclusion of a %DV in the NFP. |
| Powerseed Thin-Sliced | 3g protein | ECF 73-8 (Backer Dec., Exs. 36, 37) (product labels)<br><br>ECF 73-2 (Backer Dec., Ex. 1) (30(b)(6) deposition excerpts) at 95:21-97:3 (NFP did not include PDCAAS-derived %DV for protein) | Undisputed that during the class period a protein content statement appeared on the front label and the NFP of the product and that the NFP did not include PDCAAS-derived %DV, but disputed that the front label protein content statement constitutes a "Protein Label Claim" or that it requires the inclusion of a %DV in the NFP. |

|  | **Plaintiff's Undisputed Material Facts and Supporting Evidence** | | **DKB's Response and Supporting Evidence** |
|---|---|---|---|
| **Issue No. 1: Defendants' Labels Violated FDA Regulations** | | | |
| **Product** | **Protein Label Claim** | **Evidence of front label claim and that Label did not include PDCAAS-derived %DV for protein in NFP during class period** | |
| Sprouted Whole Grains Thin-Sliced | 3g protein | ECF 73-8 (Backer Dec., Exs. 38, 39) (product labels)<br><br>ECF 73-2 (Backer Dec., Ex. 1) (30(b)(6) deposition excerpts) at 95:21-97:3 (NFP did not include PDCAAS-derived %DV for protein) | Undisputed that during the class period a protein content statement appeared on the front label and the NFP of the product and that the NFP did not include PDCAAS-derived %DV, but disputed that the front label protein content statement constitutes a "Protein Label Claim" or that it requires the inclusion of a %DV in the NFP. |
| **Breakfast Bagels** | | | |
| Epic Everything Bagels | 13g protein | ECF 73-8 (Backer Dec., Ex. 40) (product label)<br><br>ECF 73-2 (Backer Dec., Ex. 1) (30(b)(6) deposition excerpts) at 95:21-97:3 (NFP did not include PDCAAS-derived %DV for protein) | Undisputed that during the class period a protein content statement appeared on the front label and the NFP of the product and that the NFP did not include PDCAAS-derived %DV, but disputed that the front label protein content statement constitutes a "Protein Label Claim" or that it requires the inclusion of a %DV in the NFP. |

|  | **Plaintiff's Undisputed Material Facts and Supporting Evidence** | **DKB's Response and Supporting Evidence** |
|---|---|---|
|  | **Issue No. 1: Defendants' Labels Violated FDA Regulations** | |

| Product | Protein Label Claim | Evidence of front label claim and that Label did not include PDCAAS-derived %DV for protein in NFP during class period | |
|---|---|---|---|
| Plain Awesome Bagels | 11g protein | ECF 73-8 (Backer Dec., Ex. 41) (product labels)<br><br>ECF 73-2 (Backer Dec., Ex. 1) (30(b)(6) deposition excerpts) at 95:21-97:3 (NFP did not include PDCAAS-derived %DV for protein) | Undisputed that during the class period a protein content statement appeared on the front label and the NFP of the product and that the NFP did not include PDCAAS-derived %DV, but disputed that the front label protein content statement constitutes a "Protein Label Claim" or that it requires the inclusion of a %DV in the NFP. |
| Cinnamon Raisin Remix Bagels | 12g protein | ECF 73-8 (Backer Dec., Ex. 42) (product labels)<br><br>ECF 73-2 (Backer Dec., Ex. 1( (30(b)(6) deposition excerpts) at 95:21-97:3 (NFP did not include PDCAAS-derived %DV for protein) | Undisputed that during the class period a protein content statement appeared on the front label and the NFP of the product and that the NFP did not include PDCAAS-derived %DV, but disputed that the front label protein content statement constitutes a "Protein Label Claim" or that it requires the inclusion of a %DV in the NFP. |

|  | **Plaintiff's Undisputed Material Facts and Supporting Evidence** | | **DKB's Response and Supporting Evidence** |
|---|---|---|---|
| **Issue No. 1: Defendants' Labels Violated FDA Regulations** ||||
| **Product** | **Protein Label Claim** | **Evidence of front label claim and that Label did not include PDCAAS-derived %DV for protein in NFP during class period** | |
| Boomin' Berry Bagels | 11g protein | ECF 73-8 (Backer Dec., Ex. 43) (product labels)  ECF 73-2 (Backer Dec., Ex. 1) (30(b)(6) deposition excerpts) at 95:21-97:3 (NFP did not include PDCAAS-derived %DV for protein) | Undisputed that during the class period a protein content statement appeared on the front label and the NFP of the product and that the NFP did not include PDCAAS-derived %DV, but disputed that the front label protein content statement constitutes a "Protein Label Claim" or that it requires the inclusion of a %DV in the NFP. |
| **Burger Buns** ||||
| 21 Whole Grains and Seeds Burger Buns | 6g protein | ECF 73-8 (Backer Dec., Exs. 44, 45) (product labels)  ECF 73-2 (Backer Dec., Ex. 1) (30(b)(6) deposition excerpts) at 95:21-97:3 (NFP did not include PDCAAS-derived %DV for protein) | Undisputed that during the class period a protein content statement appeared on the front label and the NFP of the product and that the NFP did not include PDCAAS-derived %DV, but disputed that the front label protein content statement constitutes a "Protein Label Claim" or that it requires the inclusion of a %DV in the NFP. |

| | **Plaintiff's Undisputed Material Facts and Supporting Evidence** | | | **DKB's Response and Supporting Evidence** |
|---|---|---|---|---|
| | **Issue No. 1: Defendants' Labels Violated FDA Regulations** | | | |
| **Product** | **Protein Label Claim** | **Evidence of front label claim and that Label did not include PDCAAS-derived %DV for protein in NFP during class period** | | |
| Burger Buns Done Right | 6g protein | ECF 73-8 (Backer Dec., Exs. 46, 47) (product labels)<br><br>ECF 73-2 (Backer Dec., Ex. 1) (30(b)(6) deposition excerpts) at 95:21-97:3 (NFP did not include PDCAAS-derived %DV for protein) | | Undisputed that during the class period a protein content statement appeared on the front label and the NFP of the product and that the NFP did not include PDCAAS-derived %DV, but disputed that the front label protein content statement constitutes a "Protein Label Claim" or that it requires the inclusion of a %DV in the NFP. |
| | **OPPOSING PARTY'S ADDITIONAL MATERIAL FACTS** | | | |
| Issue 1 | Additional Fact 1: Removing the front protein content statement does not decrease consumers' likelihood of purchasing the at-issue Dave's sliced bread. | | | ECF No. 176-12 ¶¶ 113-141 (Dr. Kivetz' Report) |
| Issue 1 | Additional Fact 2: The presence of the front protein content statement did not cause class members to purchase, or pay any alleged price premium for, those products. | | | ECF No. 176-12 ¶¶ 113-141 (Dr. Kivetz' Report) |
| Issue 1 | Additional Fact 3: Adding the %DV for protein to the NFP does not decrease consumers' likelihood of purchasing the at-issue Dave's sliced bread. | | | ECF No. 176-12 ¶¶ 143–147 (Dr. Kivetz' Report) |

| | | |
|---|---|---|
| Issue 1 | Additional Fact 4: The absence of a %DV for protein on the NFP did not cause class members to purchase, or pay any alleged price premium for, those products. | ECF No. 176-12 ¶¶ 143–147 (Dr. Kivetz' Report) |
| Issue 1 | Additional Fact 5: Swartz does not recall whether Dave's Killer Bread had a %DV for protein in the nutrition facts panel the first time he purchased it. | ECF No. 176-3 (Swartz Transcript) at 147:4–9; *id.* at 167:17-22 |
| Issue 1 | Additional Fact 6: Swartz does not recall whether Dave's Killer Bread had a %DV for protein when he looked at the nutrition facts panel. | ECF No. 176-3 (Swartz Transcript) at 147:4–9 |
| Issue 1 | Additional Fact 7: Swartz does not know what the Food and Drug Administration ("FDA") daily value for protein is or what it is based on. | ECF No. 176-3 (Swartz Transcript) at 105:13-24 |
| Issue 1 | Additional Fact 8: Swartz does not know how the %DV is calculated, and he has never attempted to calculate it. | ECF No. 176-3 (Swartz Transcript) 173:15–18; *id.* 174:17–21 |
| Issue 1 | Additional Fact 9: Swartz does not know how much protein inside any particular product is usable. | ECF No. 176-3 (Swartz Transcript) at 203:22–24 |
| Issue 1 | Additional Fact 10: Swartz does not recall whether the %DV on the Nutrition Facts Panel ("NFP") reflects anything regarding the usability of protein in the product. | ECF No. 176-3 (Swartz Transcript) at 203:25–204:5 |
| Issue 1 | Additional Fact 11: At the time Swartz purchased the Dave's Killer Bread products, he did not know whether the %DV had any relationship with the usability of the protein in the product. | ECF No. 176-3 (Swartz Transcript) at 204:14–205:1 |

| | | |
|---|---|---|
| Issue 1 | Additional Fact 12: On January 7, 2022, 10 days after the original complaint in this action was filed, Swartz purchased the same bread he had purchased earlier and is at issue in this case. | ECF No. 176-3 (Swartz Transcript) at 64:8–66:15; ECF No. 176-3 (Swartz Jan. 7 Text Message) |
| Issue 1 | Additional Fact 13: Participants in Swartz's expert Colin Weir's conjoint surveys were not shown product packages but instead "product profiles" in a text-based format with bulleted statements below a brand logo. | ECF No. 176-5 (Weir Transcript) at 93:5–16 |
| Issue 1 | Additional Fact 14: Weir testified that his conjoint surveys do not directly indicate the placement or prominence of the "label statements" shown to participants. | ECF No. 176-5 (Weir Transcript) at 96:7–20; 124:17–22; 126:25–127:2 |
| Issue 1 | Additional Fact 15: Weir's conjoint surveys showed participants label statements that appear on the front, side, and back labels, and in the NFP, of Dave's Killer Bread products, including statements that never appear on the front label. | ECF No. 176-5 (Weir Transcript) at 93:5–16 |
| Issue 1 | Additional Fact 16: Weir's conjoint surveys do not measure the price premium associated with the omission of the %DV. | ECF No. 176-5 (Weir Transcript) at 70:7–11; 77:2–21; 86:7-12 |

I attest that the evidence cited herein fairly and accurately supports or disputes the facts as asserted.

Dated: October 3, 2025                          **KING & SPALDING LLP**

By: */s/ Livia M. Kiser*
    LIVIA M. KISER
    KELLY L. PERIGOE
    MICHAEL L. RESCH
    SAMUEL R. DIAMANT
    REBECCA L. PARADIS
    QUYEN L. TA

*Attorneys for Defendants*
*Dave's Killer Bread, Inc.*
*and Flowers Foods, Inc.*