UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID SWARTZ,**<br><br>Plaintiff,<br><br>vs.<br><br>**DAVE'S KILLER BREAD, INC. AND FLOWERS FOODS, INC.,**<br><br>Defendants. | Case No. 4:21-cv-10053-YGR<br><br>**ORDER ADDRESSING CROSS MOTIONS FOR SUMMARY JUDGMENT IN PART**<br><br>Re: Dkt Nos. 176, 177, 178, 179, 180, 181, 182, 184, 187 |

Defendants Daves Killer Bread, Inc. and Flowers Food, Inc. move for summary judgment on plaintiff David Swartz's sole class claim for restitution under California Unfair Competition Law ("UCL," Cal. Bus. & Prof. Code § 17200 *et seq.*) and plaintiff's individual claims for violation of the UCL; the California Consumer Legal Remedies Act ("CLRA," Cal. Civil Code § 1750 *et seq.*); and California False Advertising Law ("FAL," Cal. Bus. & Prof. Code § 17500 *et seq.*).[1] Plaintiff cross-moves for partial summary judgment on the first element of his class claim.[2] The parties also each bring motions to exclude experts.[3] The Court has carefully considered the parties' pleadings, briefs, evidence, and argument at the December 5, 2025 hearing, and as explained below, **GRANTS** defendants' motion for summary judgment.[4]

---

[1] Dkt. No. 176, Motion for Summary Judgment ["D MSJ"].

[2] Dkt. No. 182, Motion for Partial Summary Judgment and Opposition to Defendants' Motion for Summary Judgment ["P MSJ"].

[3] Dkt. No. 178, Motion to Strike Expert Testimony of Colin B. Weir ["MTE Weir"]; Dkt. No. 180, Motion to Exclude Expert Testimony of Dr. Paula Trumbo ["MTE Trumbo"].

[4] For the motions addressed herein, the parties collectively moved to seal 52 exhibits. (See Dkt. Nos. 177, 179, 181, 184, 187.) These motions are tentatively **GRANTED** because the Court does not rely on them to grant defendants' motion for summary judgment on plaintiff's class claim. The parties are advised, however, that the Court's tentative sealing is subject to change should the parties have reason to resubmit the same exhibits.

I.  **CROSS-MOTIONS FOR SUMMARY JUDGMENT**

   A.  LEGAL STANDARD

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

   B.  EQUITABLE JURISDICTION

Under federal common law, a plaintiff may not bring an equitable action for a claim that has an adequate remedy at law because, "a suit in equity [that would] accomplish a result which could be attained by an action at law . . . would deprive the litigant of his constitutional right to a trial by jury in the law action." 14 WRIGHT AND MILLER'S FEDERAL PRACTICE AND PROCEDURE § 4513 (3d ed. 2016) (quoting *The Effect of State Statutes on Equity Jurisdiction in the Federal Courts*, 33 Yale L.J. 193, 195 (1923)). In *Sonner v. Premier Nutrition Corp.*, the Ninth Circuit found that federal common law applies to state law claims for equitable restitution, and therefore plaintiff must establish that they lack "an adequate remedy at law before securing equitable restitution for past harm under the UCL." 971 F.3d 834, 844 (9th Cir. 2020).

The procedural implications of the Ninth Circuit's ruling in *Sonner* are subject to some debate. For example, district courts are split on how to apply *Sonner* at the pleading stage.[5] Further, in March 2025, the Ninth Circuit explained "equitable jurisdiction is waivable." *Ruiz v. Bradford Exch., Ltd.*, 153 F.4th 907, 915 (9th Cir. 2025). Citing to Supreme Court precedent, the court added that such an objection is waived "where the defendant has expressly consented to action by the court, *or has failed to object seasonably*." *Id.* (citing *Am. Mills Co. v. Am. Sur. Co. of N.Y.*, 260 U.S. 360, 363 (1922)) (emphasis supplied).

Defendants contend that this Court lacks equitable jurisdiction over the plaintiff's sole class claim (brought under the UCL's "unlawful" prong), because plaintiff has an adequate

---

[5] Some courts allow equitable claims to survive dismissal when pled in the alternative. *See, e.g.*, *Carroll v. Myriad Genetics, Inc.*, 2022 WL 16860013, at *6 (N.D. Cal. Nov. 9, 2022); *Yeomans v. World Fin. Grp. Ins. Agency, Inc.*, 2022 WL 844152, at *7-8 (N.D. Cal. Mar. 22, 2022). Other courts do not permit plaintiffs to "choose between two available inconsistent remedies" because, in their view, the question is "whether equitable remedies are available to [the plaintiff] at all." *Nacarino v. KSF Acquisition Corp.*, 2022 WL 17178688, at *5 (N.D. Cal. Nov. 23, 2022).

1    remedy at law—namely, monetary damages pursuant to a CLRA fraud claim.  Defendants argue

2    that the certified UCL claim is "rooted in the same legal theory and factual allegations as" a

3    CLRA fraud claim, and therefore an adequate legal remedy is available to plaintiff via a CLRA

4    claim. *Hanscom v. Reynolds Consumer Prods. LLC*, 2022 WL 591466, at *2–3.

5        Plaintiff argues that (1) this objection is waived because defendants did not timely raise the

6    issue; (2) the Court has equitable jurisdiction over plaintiff's claim for equitable restitution under

7    the UCL because there is no adequate remedy at law for his claim; and (3) he may pursue

8    injunctive relief even if plaintiff may not proceed with restitution.

9        **1.  Waiver**

10       This litigation began in 2021.  The Court has issued orders on defendants' three motions to

11   dismiss (Dkt. Nos. 34, 39, 139) as well as plaintiff's class certification motion (Dkt. No. 139).

12   Now, for the first time, defendants argue that the Court lacks equitable jurisdiction over the

13   plaintiff's sole class claim.

14       Plaintiff argues that defendant waived this objection because defendants failed to raise it in

15   any of their three motions to dismiss or in their class certification briefing.  Defendants disagree,

16   citing to various cases, including *French v. Banana Republic LLC*.  2024 WL 4682312, at *2

17   (N.D. Cal. 2024) ("*Sonner*'s requirement makes the most sense at summary judgment, after a

18   record has been developed.") and *Sonner* itself (the parties were on the eve of trial when the court

19   dismissed the case).

20       In *French*, the court did not suggest that a defendant should wait to raise the defense until

21   summary judgment.  Rather, the court merely explained "[p]arties and courts are wasting far, far

22   too much time arguing about *Sonner* at the pleading stage."  *French* at *2 (explaining that plaintiff

23   can satisfy equitable jurisdiction at the pleading stage "so long as [they] can articulate a basis for

24   why there may . . . not be an adequate remedy at law").  Indeed, the court ruled in favor of the

25   plaintiff at the pleading stage, as several courts have done.  *See id.*; *see supra*, n. 5.  Next, the

26   procedural posture in *Sonner* was different.  There, plaintiff chose to drop her legal claims on the

27   eve of trial to avoid a jury trial and secure a bench trial, although the district court warned counsel

28   that "it would be 'open season' on a motion to dismiss and that Sonner was taking a 'chance' by

United States District Court
Northern District of California

1  dropping the damages claim." *Sonner*, 971 F.3d at 838.

2      Although summary judgment may be the best stage at which to address *Sonner* issues,
3  because this is a waivable issue, defendants should not engage in gamesmanship and wait to put
4  plaintiff on notice of this defensive argument until the eve of trial.  At the December 5, 2026
5  hearing, counsel for both parties confirmed that they discussed this issue in 2024, following
6  certification of the class.  Plaintiff were fully aware of the *Sonner* issue and chose to proceed only
7  on the UCL with respect to the class claims.  Accordingly, the Court finds no reason to conclude
8  that the equitable jurisdiction objection is waived.

9      **2.  Equitable Restitution**

10      Plaintiff seeks two forms of remedy on behalf of the class: an injunction "to prohibit
11  Defendants from continuing to engage in the deceptive and/or unlawful trade practices" and
12  "restitution for the premium and/or the full price that they and others paid to Defendants."  (FAC
13  ¶¶ 89, 86.)

14      Defendants argue that plaintiff may not seek restitution under the certified UCL claim
15  because it is "rooted in the same legal theory and factual allegations as" a CLRA fraud claim, and
16  therefore an adequate legal remedy is available to plaintiff, citing *Hanscom v. Reynolds Consumer*
17  *Prods. LLC*.  2022 WL 591466, at **2–3.  There, Judge White agreed and found that, despite the
18  allegations in the complaint, the plaintiff's equitable UCL claim and her CLRA claim were based
19  on the same facts and legal theory, and thus, warranted dismissal.

20      Here, plaintiff argues that this case is distinguishable from *Hanscom* because while the
21  UCL claim is based on the same set of facts as a hypothetical CLRA claim, the legal theories and
22  resulting remedies underlying the two claims are distinct.  (*See* D MSJ at 9-12; P Oppo. at 12-15;
23  & D Reply at 3-7.)  More specifically, plaintiff asserts that the legal theory advancing the UCL
24  claim is that defendants engaged in unlawful competition, resulting in plaintiff paying a price
25  premium.  By contrast, plaintiff contends that a CLRA claim would only remedy a different harm,
26  consumer fraud, which would result in a different calculation of damages.  Plaintiff explains that
27  "only the omission of the %DV on the back label is fraudulent, and that claim would have to be
28  measured by the difference in the value of the product had consumers known the true quality of

4

the protein it contained," whereas the harm to competition is measured by "the price difference that results from removing [the] front label claim." (P Oppo. at 15.)

Plaintiff does not persuade. The *Sonner* analysis, and the federal common law upon which it is based, focus on the existence and availability of a legal remedy, not a comparison of the legal and equitable remedies. Defendants rightly explain that "the controlling question is whether Swartz can establish that 'damages under the CLRA alone would [] provide adequate relief.'" (D MSJ at 11 (citing *Duttweiler v. Triumph Motorcycles (Am.) Ltd.*, 2015 WL 4941780, at *9 (N.D. Cal. 2015)). Here, plaintiff could have brought a CLRA claim based upon "the same conduct as his claims for equitable relief." *Ibarra v. Pharmagenics LLC*, 660 F. Supp. 3d 914, 922 (C.D. Cal. 2023) (finding arguments of potential inadequacy of legal remedies was undermined when legal and equitable claims were predicated on the same conduct). Thus, a legal remedy is available under the CLRA. In fact, plaintiff seeks the same remedy in an individual capacity.

That the remedies available under the two claims may be calculated differently is not dispositive. *Sonner* and the federal common law on which it is based do not require the legal remedy to be identical to the equitable relief. Federal common law merely requires that the legal remedy be unavailable. The Court finds that plaintiff has an adequate remedy at law for defendants' alleged conduct available under the CLRA. Therefore, plaintiff's class claim for restitution is **DISMISSED** as a matter of law.[6]

### 3. Injunctive Relief

Defendants do not challenge the Court's equitable jurisdiction over plaintiff's request for injunctive relief under the UCL. Therefore, plaintiff may proceed with the class claim for injunctive relief.

---

[6] As the Ninth Circuit explained in *Guzman*, dismissal of a claim for lack of equitable jurisdiction does not bar plaintiff from re-filing the claim in state court. *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022) ("a federal court's pre-merits determination to withhold relief is binding on other federal courts, but not on courts outside the federal system that might properly exercise their own jurisdiction over the claim.").

## II. *DAUBERT* MOTIONS

Federal Rule of Evidence 702 permits an expert's opinion testimony if the witness is qualified and based upon that qualification, the witness's opinion is relevant and reliable. Reliability turns on "the soundness of [the expert's] methodology." *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995); *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1048 (9th Cir. 2025) ("[T]he reliability test may be applied to an expert's reasoning process.") An expert witness may be qualified by "knowledge, skill, experience, training, or education" as to the subject matter of the opinion. Fed. R. Evid. 702. For scientific opinions, they must be based on scientifically valid principles. *Daubert*, 509 U.S. at 589. Experts assist the fact finder in their own evaluation of the evidence by providing them with opinions based upon verifiable, scientific, or other objective analysis. *Id.* at 589–90.

Defendants' motion to exclude Weir is **DENIED** as moot, since plaintiff cannot proceed with their claim for restitution under the UCL.

Plaintiff's motion to exclude Dr. Paula Trumbo is **GRANTED** for the reasons stated more fully on the record at the December 5, 2025 hearing. Dr. Trumbo's opinions seek to interpret the regulations at issue, which is beyond the scope of an expert's opinion.

## III. CONCLUSION

Defendants' motion for summary judgment as to the applicability of *Sonner* is **GRANTED.** The Court defers ruling on the balance of the motions as this order may moot other issues.

Given the upcoming trial, the parties shall meet and confer regarding the remaining claims and inform the Court by no later than December 18, 2025 how they intend to proceed in light of the Court's ruling.

This terminates Dkt. Nos. 176, 177, 178, 179, 180, 181, 184, & 187.

**IT IS SO ORDERED.**

Dated: December 12, 2025

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**