United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**DAVID SWARTZ,**

Plaintiff,

**vs.**

**DAVE'S KILLER BREAD, INC. AND FLOWERS FOODS, INC.,**

Defendants.

Case No. 4:21-cv-10053-YGR

**ORDER REQUESTING ADDITIONAL BRIEFING AND VACATING TRIAL DATE**

Re: Dkt No. 203

In light of the parties' joint statement (Dkt. No. 203) following the Court's order on the motion regarding summary judgment, the Court issues the following additional orders:

*First*, defendants submit that the Court has not certified an injunctive class. Having reviewed the September 20, 2024 Order (Dkt. No. 139) granting class certification, the Court concurs. Plaintiffs did not seek certification for injunctive relief. Accordingly, the Court finds its prior statement to be in error. Thus, the statement in the Court's December 12, 2025 Order (Dkt. No. 201 at 5:21-22) is hereby voided: "Therefore, plaintiff may proceed with the class claim for injunctive relief."

*Second*, notwithstanding the foregoing, the Court agrees with plaintiff that the Court previously found as a matter of law that plaintiff may seek injunctive relief based upon his individual claim under the California's Unfair Competition Law ("UCL"). *See* January 9, 2023 Order Denying Motion to Dismiss (Dkt. No. 46).

*Third*, plaintiff has indicated to the Court that he intends to voluntarily dismiss his individual claims for violations of California's False Advertising Law ("FAL"), common law fraud, and unjust enrichment (Dkt. No. 203, 4:19-20). The Court hereby **GRANTS** plaintiff permission to dismiss these claims and instructs plaintiff to do so by Friday, January 9, 2026.

*Fourth*, the Court agrees that issues raised in the parties' cross-motions for summary judgment are still outstanding, namely with respect to plaintiff's remaining individual claims under the California Consumers Legal Remedies Act ("CLRA") and the UCL, including plaintiff's

motion on the element of unlawfulness for his UCL claim. It is apparently uncontested that plaintiff's alleged monetary damages total $12.22. (*See* Dkt. Nos. 200, 203.) These issues have been fully briefed, and the Court will address the remainder in a separate order.

With respect to the foregoing, the Court finds additional briefing would be useful on the issue of injunctive relief. The parties are instructed to assume, for the purpose of argument, that the Court finds in favor of plaintiff on the unlawfulness element of plaintiff's UCL claim. In that context, the Court orders briefing on the following issues:

(1) In light of the label changes made in 2023, what label changes (if any) are still necessary? Answer with specificity.

(2) In light of the foregoing, is injunctive relief moot for immediate relief as opposed to future prohibitive relief, i.e. prohibiting defendants to change the labels back to the prior configuration?

(3) Provide the Court with a proposed form of order specifying the precise language of the injunction sought.

Plaintiff shall respond to these three topics within 10 days of this Order. Defendants may file a response within 7 days. Plaintiff may file a reply within 4 days.

*Fifth*, in light of the foregoing, the trial of this matter, previously set to proceed in Courtroom 1 on March 2, 2026, and all related deadlines are hereby **VACATED** to be reset if necessary.

**IT IS SO ORDERED.**

Dated: January 6, 2026

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**