**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
 seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
 marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
 hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

Matthew T. McCrary (*pro hac vice*)
 matt@gutridesafier.com
4450 Arapahoe Ave., Suite 100
Boulder, CO 80303
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Patrick J. Branson (*pro hac vice*)
 patrick@gutridesafier.com
305 Broadway, 7th Floor
New York, NY 10007
Telephone: 415-639-9090
Facsimile: (415) 449-6469

*Class Counsel*

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SWARTZ, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DAVE'S KILLER BREAD, INC. and FLOWERS FOODS, INC.,<br><br>Defendants. | CASE NO. 4:21-cv-10053-YGR<br><br>**PLAINTIFF'S RESPONSE TO ORDER RE INJUNCTIVE RELIEF (ECF 204)** |

This Court requested additional briefing on three distinct issues related to the injunctive relief Plaintiff seeks for his UCL unlawfulness claim. It further instructed that the parties are to assume "for the purpose of argument, that the Court finds in favor of plaintiff on the unlawfulness element of plaintiff's UCL claim." With that context, Plaintiff provides the following response to the below three questions:

**1.     In light of the label changes made in 2023, what label changes (if any) are still necessary? Answer with specificity.**

During the Class period of December 29, 2017 to September 5, 2023, Dave's Killer Bread Products included a front label protein nutrient content claim. For example, the 21 Whole Grains and Seeds bread included the claim "5g protein." During the Class Period, the Products with a protein nutrient content claim did not include a %DV for protein in the Nutrition Facts Panel ("NFP") derived using the Protein Digestibility Corrected Amino Acid Score ("PDCAAS") as required by 21 C.F.R. §101.13(c)(7). At a few points during the Class Period, the Products included a %DV in the NFP for protein based on the nitrogen method, not PDCAAS as required. But for the vast majority of the Class period, the Products did not include any %DV for protein in the NFP.

All Products have always included a protein nutrient content claim in the form of a front label quantitative protein claim. In or around September 2023, Defendants changed the Product labels to add a %DV for protein, in the NFP, calculated using the PDCAAS method. Thus, the Products are now in compliance with 21 C.F.R. § 101.13(c)(7), so no further label changes are necessary.

**2.     In light of the foregoing, is injunctive relief moot for immediate relief as opposed to future prohibitive relief, i.e. prohibiting defendants to change the labels back to the prior configuration?**

"The voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014). The injunctive relief sought here is future prohibitive relief. Preventing the recurrence of wrongful behavior (i.e., the goal of the injunction sought here) is the entire point of the voluntary cessation exception to the mootness doctrine in the first place. Here, that means if Defendants' labels include any type of protein nutrient content claim, the labels must also include a %DV for protein derived using the PDCAAS method. Plaintiff seeks injunctive relief prohibiting Defendants from changing the labels back to the prior design *or any other design* that does not include a PDCAAS-

derived %DV for protein in the NFP where a protein nutrient content claim is made elsewhere on the label—i.e., outside the NFP.

Voluntary cessation will only yield mootness if a "formidable" standard is met.[1] *Lackey v. Stinnie*, 604 U.S. 192, 204 (2025) (*citing FBI v. Fikre*, 601 U.S. 234, 241 (2024)). "A case might become moot if subsequent events made it ***absolutely clear*** that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc*., 528 U.S. 167, 189, (2000); (emphasis added). Notably, it is the party asserting mootness—Defendants—that bears a "heavy burden" to meet this difficult showing. *Id*. Courts routinely employ the voluntary cessation doctrine in food labeling cases where a defendant argues mootness because it has changed its labels. *See*, *e.g*., *Red v. Kraft Foods, Inc*., No. CV 10-1028-GW(AGRx), 2012 U.S. Dist. LEXIS 193462, at *12-15 (C.D. Cal. June 6, 2012) ("assertion by corporate counsel that there are no current plans to use the challenged labels" is insufficient to "moot such challenges under consumer protection laws"); *Wonderful Co. LLC v. Own Your Hunger Inc*., No. 2:25-cv-00978-JC, 2025 U.S. Dist. LEXIS 116757, at *10-12 (C.D. Cal. June 16, 2025) (claims not moot where defendant rebranded its products because "Defendant has the ability to change its packaging at any time — as evidenced by its prior conduct") (internal quotation and citation omitted).

Here, Defendant has changed its label but continues to argue that it is (and was) not required to include the PDCAAS-derived %DV for protein in the NFP because it believes that the front label protein statement is not a nutrient content claim. *See*, *e.g.*, ECF 190 at 28 ("a 'protein claim' must characterize the level of protein—which '5g protein' undisputably does not do."); *id.* (even if the front label protein statement met the definition of a nutrient content claim under 101.13(b) (it does not), that alone would not require the listing of a %DV."). Indeed, Defendant argued this so stringently that it offered a supposed expert whose entire (now

---

[1] Plaintiff notes that in the joint statement filed on December 18, 2025, Defendants framed this issue as one of standing, arguing that Plaintiff "lack[s] standing because, among other things, the labels changed in September 2023[.]" ECF 203 at 6. Voluntary cessation during the course of a lawsuit, however, raises an issue of mootness, not standing (which is assessed as of the time of the suit's filing). *See Tria v. Innovation Ventures, LLC*, No. CV 11-7135-GW(PJWx), 2013 U.S. Dist. LEXIS 190664, at *10 (C.D. Cal. Feb. 25, 2013). This Court has already found that Plaintiff has standing to seek injunctive relief. ECF 46 at 5. That finding should not be reconsidered.

excluded) report was devoted to arguing that the FDA labeling regulations do not require the %DV for protein to be included in the NFP when a front label quantitative protein nutrient content claim is made. *See* ECF 190-3. Defendants' 30(b)(6) witness, who is the Director of Regulatory Compliance for Flowers Bakeries, also testified that Defendants now include the %DV not because it is *required* by the relevant regulations, but rather that they provided the information "voluntarily." Reynolds Dec., Ex. A at 147:24-148:1 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"). The regulations permit such voluntary declarations. Section 101.9(c)(7)(1) states that the protein "Percent of Daily Value *may* be placed on the label, except that such a statement *shall* be given if a protein claim is made on the product." 21 C.F.R. § 101.9(c)(7)(i) (emphasis added). In other words, so long as Defendants continue to believe that they are not making "protein claims" or "nutrient content claims" under the regulations, they could remove (or calculate differently) the %DV at any time. Indeed, Defendants' 30(b)(6) witnesses continue to testify that the Dave's Killer Bread products "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" (Reynolds Dec. Ex. A at 31:15-18) and that "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" (Reynolds Dec., Ex A. at 64:18-19).

Furthermore, Defendants have the ability to change their packaging at any time—as demonstrated by their prior conduct. Protein advertising is also central to DKB's marketing efforts. *See* ECF 181-2 (Plaintiff's Opposition to MSJ filed under seal) at 32:1-5 (describing evidence regarding the importance of protein in marketing). Whether the Products include low quality protein—which can only be determined by looking at the %DV—is also important to DKB's consumers. *See id.* at 32:11-13 (describing consumer inquiries). Further, the evidence shows that DKB has previously ignored both internal and third party advice and instead chose to unlawfully label its Products. *See id.* at 35:5-17. Indeed, it likely did so because it did not want to reveal its low quality protein. *See id.* at 35:11-12 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮") Without an injunction requiring that the %DV be included, there remains a serious risk DKB will simply change its labels back and remove the

%DV or calculate the %DV using the nitrogen method for protein in the NFP.

**3.     Provide the Court with a proposed form of order specifying the precise language of the injunction sought.**

Attached as Exhibit A is a proposed order for a permanent public injunction.

Dated: January 16, 2026

                                            **GUTRIDE SAFIER LLP**

*/s/Hayley Reynolds*
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

Matthew T. McCrary (*pro hac vice*)
  matt@gutridesafier.com
4450 Arapahoe Ave., Suite 100
Boulder, CO 80303
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Patrick J. Branson (*pro hac vice*)
  patrick@gutridesafier.com
305 Broadway, 7th Floor
New York, NY 10007
Telephone: 415-639-9090
Facsimile: (415) 449-6469

*Class Counsel*

# EXHIBIT A

**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

Matthew T. McCrary (*pro hac vice*)
  matt@gutridesafier.com
4450 Arapahoe Ave., Suite 100
Boulder, CO 80303
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Patrick J. Branson (*pro hac vice*)
  patrick@gutridesafier.com
305 Broadway, 7th Floor
New York, NY 10007
Telephone: 415-639-9090
Facsimile: (415) 449-6469

*Class Counsel*

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SWARTZ, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DAVE'S KILLER BREAD, INC. and FLOWERS FOODS, INC.,<br><br>　　　　　　　Defendants. | CASE NO. 4:21-cv-10053-YGR<br><br>**[PROPOSED] ORDER OF PERMANENT PUBLIC INJUNCTION**<br><br>Hon. Yvonne Gonzalez Rogers |

The Court has found that where a product includes a protein nutrient content claim, including a quantitative protein claim such as "5g Protein," the nutrition facts panel must include a percent daily value for protein that is based on the protein digestibility corrected amino acid score ("PDCAAS") method, as required by 21 C.F.R. § 101.9(c)(7)(i)-(ii).

During the Class Period, Defendants' labels violated the California Sherman Food Drug & Cosmetic Law, which incorporates the Federal Food, Drug & Cosmetic Act. Specifically, Defendants' labeling included a front label protein nutrient content claim and did not include a PDCAAS-derived percent daily value for protein in the nutrition facts panel as required by 21 C.F.R. § 101.9(c)(7)(i)-(ii).

**IT IS HEREBY ORDERED** that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from making any quantitative protein claims such as "5g protein," or any other protein nutrient content claims, on any product labeling outside of the nutrition facts panel unless they provide a percent daily value for protein calculated using the PDCAAS method inside the nutrition facts panel on products sold in California.

Willful violation of the Order for Permanent Injunction may subject any person who commits such an act to sanctions for contempt of this Court. Any violation of the Order for Permanent Injunction will result in immediate issuance of an order to show cause for service on the violator, who after appropriate hearings and findings, will be dealt with according to the sanctions provided by law.

The Court shall retain jurisdiction of this action for all proceedings involving the enforcement of the Order for Permanent Injunction for five years.

Should the relevant regulations be amended by notice of final rulemaking such that Defendants believe the requirements of this injunction are no longer required by regulation, Defendants may seek modification of this order.

Electronic service of the Order for Permanent Injunction on the Defendants' counsel shall be deemed as providing Defendants with actual knowledge of the terms of the Order for Permanent Injunction for enforcement purposes.

Dated: _____

                                                            _____
                                                            The Honorable Yvonne Gonzales Rogers
                                                            United States District Court Judge